**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ROBERT D. THOMAS, #346090,

    Petitioner,

v.                                    CIVIL ACTION NO. 2:10cv73

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On May 10, 2005, Petitioner, Robert D. Thomas ("Thomas"), was convicted in the Fauquier County Circuit Court of one (1) count of operating a motor vehicle after having been adjudicated a habitual offender, second offense, and one (1) count of failure to appear. Thomas was sentenced to serve five (5) years in prison for habitual offender driving and three (3) years in prison for the failure to

appear, to run consecutively. The sentencing order stated "all but four (4) years of the said sentence heretofore imposed be and the same is hereby suspended." Sen. R. at 28, Commonwealth v. Thomas, No. 4-254, 255 (Fauquier Cir. Ct. Va. May 23, 2005).

Thomas appealed his convictions, and the Virginia Court of Appeals ("Court of Appeals") reversed his failure to appear conviction on August 15, 2006. Thomas v. Commonwealth, 48 Va. App. 605 (2006). After this reversal, the Fauquier County Circuit Court re-sentenced Thomas on January 25, 2007, to serve five (5) years with one (1) year, six (6) months suspended for his habitual offender driving conviction. However, on November 20, 2008, the Virginia Supreme Court ruled that the trial court had no jurisdiction to re-sentence Thomas and vacated the re-sentencing order.[1]

On December 18, 2008, Thomas filed a pro se state petition for a writ of habeas corpus in the Supreme Court of Virginia ("state petition"). The court appointed counsel for Thomas, who filed an amended habeas corpus petition on March 19, 2009. The amended

---

[1] The Court notes that the sentencing order provided that "all but four (4) years" of Thomas's sentence were suspended, without allocating this time between the two convictions. The Department of Corrections initially applied the four years of suspension to the habitual offender conviction in its "Sentence Summary." Fed. Pet. Ex. 2 at 2; Resp't Mem. at 6. After Thomas's re-sentencing order was vacated, the Department of Corrections "[brought] back the original court order of 5/10/2005 from Fauquier Circuit Court Cr04-255 sentencing subject to 5 years on Habitual Offender with 1 year suspended subject to serve 4 years on Habitual Offender." Fed. Pet. Ex. 2 at 11.

2

petition alleged:

1. Thomas's due process rights were violated when, after he served the sentence initially calculated by the Department of Corrections, the Department of Corrections enhanced his sentence.

2. The sentencing order was ambiguous, and that ambiguity must be resolved in Thomas's favor; and

3. Thomas's due process rights were violated because his sentence recalculation was based on vindictiveness.

On October 7, 2009, the Supreme Court of Virginia denied and dismissed the petition. Thomas v. Dir. of the Dep't of Corr., No. 082503 (Va. Oct. 7, 2009). The court held that Thomas's claim was procedurally barred "because the alleged ambiguity in [Thomas's] sentence could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus" under Slayton v. Parrigan, 215 Va. 27, 29 (1974), cert. denied, 419 U.S. 1108 (1975). Id. Thomas filed a petition for rehearing on November 6, 2009, which was refused on January 20, 2010.

On February 9, 2010, Thomas executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition"). On March 19, 2010, Respondent filed his Rule 5 Answer and Motion for Summary Judgment accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(k). Thomas filed a response to Respondent's motion on April 2, 2010 ("Petitioner's Response").

## B. Grounds Alleged

Thomas now asserts in this Court that he is entitled to relief

3

under 28 U.S.C. § 2254 for essentially the same three (3) reasons raised in his petition for a writ of habeas corpus filed in the Virginia Supreme Court on March 19, 2009. As noted previously, the Supreme Court of Virginia dismissed that petition as procedurally defaulted. Thomas v. Dir. of the Dep't of Corr., No. 082503 (Va. Oct. 7, 2009).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

The Court FINDS that Thomas's claims are exhausted, but procedurally defaulted.

In order for the Court to address the merits of this habeas petition, all of Thomas's claims must be exhausted. See 28 U.S.C. § 2254. The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907,

910-11 (4th Cir. 1997) (quotations omitted).

Further, if any of Thomas's claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state court's finding of procedural default that rests upon a determination of state law is not reviewable even if the state court clearly misapplied state law. See Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998).

The Virginia Supreme Court reviewed and rejected Thomas' claims on the ground that his claims could have been raised at sentencing or on direct appeal, and therefore under Slayton, his claims were procedurally defaulted. See Slayton, 215 Va. at 29. The Fourth Circuit has recognized Slayton to be an independent and adequate state procedural rule barring federal habeas review of the dismissed claims. Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)(quoting Mu'um v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997), cert. denied,522 U.S. 978 (1997)("We have recognized that 'the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision.'")). Therefore, based on the foregoing, Thomas's claims are procedurally defaulted under Virginia law and are thus barred from this Court's review. Bassett, 915 F.3d at 936-37; Mu'Min, 125 F.3d at 196.

## B. Cause and Prejudice or Miscarriage of Justice

Although Thomas's claim is procedurally defaulted, he may still obtain review of the claim if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. Clagett v. Angelone, 219 F.3d 370, 379 (4th Cir. 2000)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). It is Thomas's burden to establish the miscarriage of justice exception by providing new evidence that but for the asserted constitutional

errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F.Supp.2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

Thomas argues that his procedural default should be excused due to cause and prejudice. Thomas argues that he did not address the ambiguity of his sentence at trial because his rights were not violated until the Department of Corrections recalculated his original sentence after his re-sentencing order was vacated.[2]

---

[2] As a preliminary matter, the Court notes that Thomas argues that the constitutional violations he alleges did not occur until after trial, and thus the factual or legal basis of his claim was not reasonably available to him at the time of the state proceeding. Pet'r's Resp. at 2; see Hedrick v. True, 443 F.3d 342, 366 (4th Cir. 2006). The Supreme Court of Virginia construed Thomas's claims as challenging the ambiguity of his sentence. However, this Court believes that Thomas's claims also may be construed as challenges to the recalculation of his sentence in November 2008 by the Department of Corrections rather than as challenges to the sentencing order itself. See Fed. Pet. at 5-9; Pet'r's Resp. at 2-5. In essence, Thomas argues that the Department of Corrections initially interpreted the May 2005 sentencing order as five (5) years for his habitual offender conviction, with four (4) suspended, and three (3) years on failure to appear, no time suspended. Then, after Thomas successfully appealed his failure to appear conviction, and then successfully argued to the Virginia Supreme Court that his re-sentencing by the trial court should be vacated, Thomas argues that the Department of Corrections vindictively and unconstitutionally changed their interpretation of the sentencing order to be five (5) years for the habitual offender conviction, with one (1) year suspended.

Interpreting Thomas's arguments as challenges to the Department of Corrections's recalculation of his sentence, Thomas correctly states that he could not have raised his arguments at trial or on appeal. However, Thomas is mistaken about the import of the Department of Corrections's sentencing summary. Though the sentencing summary reflects Thomas's sentence, it is merely an administrative document apparently used for record-keeping purposes. Thomas is incarcerated pursuant to the Circuit Court's

Pet'r's Resp. at 2-3; see supra, n. 1.

The Court must defer to the state court's determination that Thomas's claims could have been raised at trial and on direct appeal. Barnes v. Thompson, 58 F.3d 971, 975 (4th Cir. 1995). A factual finding that "all of the facts on which the current petition was based were either known or available to the petitioner" is

---

sentencing order, not the Department of Corrections' sentencing summary. Further, at all times, Thomas's sentencing summary was consistent with the his original sentencing order.
    The sentencing summary from March 24, 2006, states that Thomas was serving five (5) years for his habitual offender conviction, with four (4) suspended, and three (3) years on failure to appear, no time suspended. Though the Department of Corrections administratively allocated Thomas's four (4) years of suspension entirely to his habitual offender conviction, the allocation of active time and suspended time in the sentencing summary was not reflective of a change in Thomas's sentence that was binding on the trial court. Rather, Thomas remained sentenced to a total of eight (8) years with "all but" four (4) years suspended as indicated in the original sentencing order. The allocation of time merely was an interpretation of Thomas's sentence that was consistent with Thomas's sentencing order: namely, four (4) years active jail time and four (4) years suspended jail time.
    After Thomas's failure to appear conviction was reversed and the re-sentencing order was vacated, the Department of Corrections changed Thomas's sentencing summary to indicate that Thomas was serving five (5) years on the habitual offender conviction, with one (1) year suspended. Again, this was an administrative allocation of prison time that was consistent with Thomas's actual sentence—"all but" four (4) years suspended. Thomas remained sentenced according to the original sentencing order, and despite the variance in the Department of Corrections' administrative sentencing summaries, each summary was consistent with Thomas's sentence.
    Accordingly, Thomas's contention that the Department of Corrections vindictively and unconstitutionally changed its interpretation of the sentencing order is without merit. The sentencing summaries were consistent with Thomas's original sentencing order, and Thomas's sentence was not affected by the Department of Corrections' administrative record of how the years of his suspended sentence were allocated.

"entitled to a presumption of correctness" on federal habeas review. Id. (citing Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988). The Court must merely "address whether the record supported the Virginia court's factual determination that no cause existed for the delay in presenting this claim." Id.

Here, the Supreme Court of Virginia considered the same evidence that is presently before the Court and determined that the essence of Thomas's claim is that his sentence was ambiguous, and this ambiguity could have been raised at trial and on direct appeal. The Court finds that the record supports this determination.

Thomas originally was sentenced to five (5) years imprisonment for his conviction for driving while a habitual offender and to three (3) years imprisonment for his conviction for failure to appear. The sentencing order stated that the sentences were to be served consecutively with all but four (4) years suspended. After Thomas's failure to appear conviction was reversed and his re-sentencing order was vacated, this original sentencing order remained in effect- namely, "all but four (4) years" suspended. Because Thomas presently is serving time pursuant to the original sentencing order, any ambiguity in his sentence was present at the time he was originally sentenced. Therefore, Thomas has not presented facts regarding his sentencing order that were not available to him at the time of his trial or appeal.

9

The Court notes that there is a distinction between the factual predicate for a potential claim and the time when a claimant recognizes the legal significance of that factual predicate. See McKinney v. Ray, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008); see also Owens, 235 F.3d at 359; Johnson v. Polk, No. 1:07cv278, 2008 WL 199728, at *3 (M.D.N.C. Jan. 22, 2008); Phillips v. Spencer, 477 F. Supp. 2d 306, 311 (D. Mass. Jan. 24, 2007) ("'[F]actual predicate' . . . mean[s] evidentiary facts or events rather than court rulings or legal consequences of the facts."). Here, the factual predicate for Thomas's claims is the original sentencing order issued in May 2005. However, Thomas did not recognize the legal significance of the sentencing order, specifically that even if his failure to appear conviction was reversed that "all but four (4) years" would remain suspended, until late 2008. Thomas attempts to show cause for the procedural default by arguing that his sentence was not ambiguous until his failure to appear conviction was reversed. However, this is insufficient to establish cause for a procedural default because Thomas or his counsel could have discovered this factual predicate during sentencing or on appeal. See Murray v. Carrier, 477 U.S. 478, 486 (1986) ("the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

At the time Thomas was sentenced, his sentencing order failed

10

to denote how the four (4) years suspended related to each of his convictions. It was unclear whether Thomas was serving active time for both convictions or only for his habitual offender conviction. While this ambiguity did not have significance to Thomas before his failure to appear conviction was reversed, it was present and discoverable. Thomas or his counsel could have raised the issue of ambiguity at trial or on appeal, but they did not. Therefore, Thomas has failed to demonstrate cause for the default,[3] and, accordingly, Thomas's claims remain procedurally defaulted.

## III. **RECOMMENDATION**

For the foregoing reasons, having found that all of Thomas's claims are procedurally defaulted, the Court recommends that Thomas's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Thomas's claims be DISMISSED WITH PREJUDICE.

Thomas has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

---

[3] Having determined that Thomas did not prove cause for his default, the Court need not address the issue of prejudice. Further, Thomas does not allege actual innocence, thereby eliminating the miscarriage of justice exception as a basis to excuse his procedure default.

11

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ _____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 2, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Robert D. Thomas, #346090
Coffee Wood Correctional Center
12352 Coffeewood Drive
PO Box 500
Mitchells, VA 22729
PRO SE

Mark Ralph Davis
Office of the Attorney General
900 E Main Street
Richmond, VA 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

July 2, 2010