

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ROBERT D. THOMAS, #346090,

    Petitioner,

v.                              CIVIL ACTION NO. 2:10cv73

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction, in the Circuit Court for Fauquier County, for driving after being adjudicated a habitual offender.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on July 2, 2010, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On July 19, 2010, the Court received Petitioner's Objections. (Doc. No. 13.) The Court received no response from Respondent.

As a preliminary matter, the Court notes that Petitioner's Objections were accompanied by a Motion for Extension of Time. (Doc. No. 14.) Petitioner's Objections were timely filed, and a request for extension of time was unnecessary. Accordingly, Petitioner's Motion for Extension of Time is DENIED as MOOT.

Petitioner raises two objections that warrant discussion. First, Petitioner argues that though the Supreme Court of Virginia found that Petitioner's claims were procedurally defaulted because he should have challenged his sentencing order as ambiguous in an appeal, Petitioner attempted to appeal but had ineffective assistance of counsel and his counsel failed to perfect his appeal.

A review of the record reveals that Petitioner may misunderstand the holding of the Supreme Court of Virginia. Specifically, the Supreme Court of Virginia held that Thomas should have appealed his *original* sentencing order as ambiguous. Thomas's claims regarding ineffective assistance of counsel relate to counsel's representation in relation to Thomas's re-sentencing. In fact, Thomas's trial counsel *did* appeal Thomas's original convictions, which is how his failure to appear conviction was overturned. Thomas could have challenged the original sentencing order as ambiguous in his initial appeal, and his failure to do so is what now causes his challenge to be procedurally defaulted. Accordingly, Thomas's first objection is OVERRULED.

Thomas also objects that if he serves four (4) years of his five (5) year sentence, followed by two (2) years of post-release supervision, his total sentence exceeds the maximum sentence authorized by Virginia law.[1] Thomas was convicted under Va. Code § 46.2-357 of driving after having been declared a habitual offender, second offense, and sentenced to five (5) years, all but four (4) years suspended, followed by two (2) years of post-release supervision. The maximum sentence for a second habitual offender conviction is five (5) years imprisonment. Va. Code § 46.2-357.

Under Va. Code § 19.2-295.2, upon a conviction for any felony offense, the court may establish a period of supervision not less than six (6) months nor more than three (3) years. The Supreme Court of Virginia has held that, "in determining the length of a permitted sentence, the three-year term of postrelease supervision is added to the [maximum] term that could have been imposed . . ." Williams v. Commonwealth, 270 Va. 580, 584 (Va. 2005). Therefore, the maximum sentence Thomas could have received is five (5) years imprisonment and three (3) years post-release supervision.

---

[1] The Court notes that in his objections, Thomas wrote, "[t]he Respondent states, now that the Petitioner had his Failure to Appear conviction reversed he will only have 1 yr. probation." In fact, Respondent stated, "[t]he benefit to Thomas of the reversal of the failure to appear conviction and sentence is that he has but one year of a suspended sentence after release, rather than four years." It appears to the Court that Respondent commented on Thomas's suspended sentence and not his term of supervision following release.

3

Accordingly, Thomas's sentence does not exceed the maximum sentence proscribed by law, and his objection is OVERRULED.

The Court, having reviewed the record and examined the objections filed by Petitioner to the magistrate judge's report, and having made <u>de novo</u> findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on July 2, 2010, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED as Petitioner's claims are procedurally defaulted. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/
Raymond A. Jackson
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 9, 2010

5